IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**JOSHUA PLANT**,                          )
                                           )
          Plaintiff,                       )
                                           )          CIVIL ACTION
     vs.                                   )
                                           )          No.:_2:17-cv-00165-RWS_
                                           )
**CHRISTOPHER BOYER**, and                 )
**BANKS COUNTY**                           **)**
**SHERIFF'S OFFICE**,                      )
                                           )
          Defendants.                      )

**Complaint for Damages**

   COMES NOW Joshua Plant, Plaintiff in the above styled action, and

hereby files this Complaint for Damages, showing the Court as follows:


*Jurisdiction and Venue*

1. Plaintiff Joshua Plant is a citizen of the State of Texas.

2. The Defendant Banks County Sheriff's Office (hereinafter Banks County

  Sheriff), is a government entity located within Banks County, Georgia and

  is subject to suit for negligent breach of its governmental functions.

  Defendant Banks County Sheriff's home business address is 160 Wind Mill

Farm Rd, Homer, Banks County, Georgia 30547. When duly served with a copy of the Summons and Complaint for Damages in this matter, said Defendant will be subject to the jurisdiction of and venue in this Court.

3. The Defendant Deputy Christopher Andrew Boyer (hereinafter Defendant Boyer) is a Banks County Sheriff's Deputy. Defendant Boyer resides at 4230 Old Highway 441 N, Alto, Banks County, Georgia 30510. When duly served with a copy of the Summons and Complaint for Damages in this matter, said Defendant will be subject to the jurisdiction of and venue in this Court.

4. Plaintiff Joshua Plant claims damages in excess of $75,000.00 in this action.

5. Pursuant to 28 U.S.C. § 1332, jurisdiction and venue are proper in this Court.

*Facts Common to All Counts*

6. On July 26, 2016, Plaintiff Joshua Plant was hiking through Georgia on his way to Virginia.

7. Upon reaching the Highway 441 exit off of Interstate 85 in Banks County, Georgia on the evening of July 26, 2016, Plaintiff Joshua Plant set up his sleeping tarp to rest for the night in a field located at the end of a closed

road near the Highway 441 exit.

8.  On July 27, 2016, Plaintiff Joshua Plant went to sleep in this field near Highway 441 on his tarp.

9.  In the early morning hours of July 27, 2016, Defendant Boyer was employed by Defendant Banks County Sheriff as a deputy sheriff and was working in the course and scope of his employment with Defendant Banks County Sheriff.

10. Defendant Boyer wore the uniform of a Banks County Sheriff's Deputy.

11. On July 27, 2016, at approximately 2:15 a.m., Defendant Boyer drove his patrol vehicle past a "Road Closed" sign and down a paved road near Highway 441 and Damascus Road.

12. Upon reaching the end of the paved road, Defendant Boyer drove his vehicle off of the pavement and into the field where Plaintiff Joshua Plant slept.

13. Defendant Boyer's patrol vehicle struck Plaintiff Joshua Plant's sleeping body.

14. After the impact, emergency medical personnel transported Plaintiff Joshua Plant to Piedmont Athens Regional Medical Center for treatment.

15. Plaintiff Joshua Plant incurred medical expenses from Piedmont Athens

Regional Medical Center in the amount of $162,709.60.

*Waiver of Sovereign Immunity by*

*Purchasing Liability Insurance*

16. At all times pertinent to the events alleged herein, Defendant Banks County Sheriff waived its sovereign immunity by purchasing public liability coverage for the operation of vehicles in its department. Defendant Banks County Sheriff waives its sovereign immunity related to motor vehicle liability under O.C.G.A. § 36-92-2.

17. Defendant Banks County Sheriff also purchased insurance for the negligence of its law enforcement officers.

18. Defendant Banks County Sheriff waived its sovereign immunity so that Defendant Banks County Sheriff and Defendant Boyer are both subject to this Court's jurisdiction for committing the acts set forth herein.

*Satisfaction of Georgia's Ante Litem Notice Requirement*

19. On September 30, 2016, Plaintiff Joshua Plant delivered the requisite *ante litem* notice required by O.C.G.A. § 36-11-1 to exercise his right to commence a claim against a county governmental entity in Georgia.

20. Defendant Boyer's patrol vehicle is titled in the name of Defendant Banks County Sheriff and has insurance or other public liability coverage applicable to it such that the actions alleged herein would not be subject to a claim of sovereign immunity.

*Count I*

*Negligence*

21. Plaintiff hereby reincorporates paragraphs 1 through 20 as if fully restated herein.

22. Defendant Boyer had a duty to operate his patrol vehicle in a reasonable manner, keeping in mind the safety of the public that may be present in the areas he was driving his vehicle.

23. Defendant Boyer breached this duty when he drove past the "Road Closed" sign and into a field near Highway 441 and Damascus Road.

24. In further breach of his duty of care, Defendant Boyer struck Plaintiff Joshua Plant with the patrol vehicle.

25. Defendant Boyer's negligence proximately caused the patrol vehicle to strike Plaintiff Joshua Plant.

26. Due to Defendant Boyer's negligence, Plaintiff Joshua Plant has sustained

serious physical and emotional injuries and is entitled to recover for past, present, and future damages.

*Count II*

*Respondeat Superior*

27. Plaintiff hereby reincorporates paragraphs 1 through 26 as if fully restated herein.

28. During all material times mentioned herein, Defendant Boyer was employed as a law enforcement officer for Defendant Banks County.

29. During all material times mentioned herein, Defendant Boyer was acting within the course and scope of his employment with Defendant Banks County.

30. Under O.C.G.A. § 51-2-2, Defendant Banks County is liable to Plaintiff Joshua Plant for the tortious actions of its employee, Defendant Boyer.

31. Due to Defendant Banks County' negligence, Plaintiff Joshua Plant has sustained serious physical and emotional injuries and is entitled to recover for past, present, and future damages.

*Count III*

*Negligent Training*

32. Plaintiff hereby incorporates paragraphs 1 through 31 as if fully restated herein.

33. Defendant Banks County has a duty to ensure that the training of law enforcement officers to serve the community is conducted with the ordinary care of a reasonable law enforcement agency.

34. Defendant Banks County breached this duty of care in failing to properly train Defendant Boyer.

35. Defendant Banks County should have provided training to Defendant Boyer  on operating his patrol vehicle in a safe manner at all times. Specifically, Banks County should have trained Defendant Boyer on the dangers of driving his patrol vehicle down

   a closed road and into a field.

36. Defendant Banks County proximately caused Plaintiff Joshua Plant's injuries by the negligent training of Defendant Boyer.

37. Due to Defendant Banks County' negligence, Plaintiff Joshua Plant has sustained serious physical and emotional injuries and is entitled to recover for past, present, and future damages.

7

*Count IV*

*Negligent Retention*

38. Plaintiff hereby incorporates paragraphs 1 through 37 as if fully restated herein.

39. Defendant Banks County has a duty to not retain employees whom Banks County knows to be negligent in their duties.

40. Defendant Banks County breached this duty by retaining Defendant Boyer as a law enforcement officer for Banks County.

41. Due to Defendant Banks County negligence, Plaintiff Joshua Plant has sustained serious physical and emotional injuries and is entitled to recover for past, present, and future damages.


WHEREFORE Plaintiff prays for the following relief:

a. A trial by jury as to all counts;

b. A judgment against Defendants, jointly and severally, for all compensatory damages, including past, present, and future pain and suffering incurred by the Plaintiff, in an amount to be determined at trial on Counts I, II, III, and IV;

c. A judgment against Defendants, jointly and severally, for all past,

present, and future medical expenses incurred by the Plaintiff, in an amount to be determined at trial  on Counts I, II, III, and IV;

d.  A judgment against Defendants, jointly and severally, for pre-judgment interest and costs, including attorneys fees and expenses of litigation of this action on Counts I, II, III, and IV;

e.  Any and all such other relief as this Court deems just and proper.

Respectfully submitted this 7th day of August, 2017.

**Yates Law Group**

<u>s/  Allen Yates</u>
Attorney for Plaintiff Joshua Plant

C. Allen Yates
Georgia Bar No. 979656
1180 West Peachtree Street, Suite 2450
Atlanta, Georgia 30309
404.800.3030; 404.995.1999 (direct)
470.427.2614 (fax)
ay@LawyerATL.com